Filed 9/23/13  P. v. Depicciotto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C071236 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F1784) |
| v. | |
| ELIZABETH FRANCES DEPICCIOTTO, | |
| Defendant and Appellant. | |

On July 14, 2008, defendant Elizabeth Frances Depicciotto pleaded no contest to second degree burglary (Pen. Code, § 459).[1]  On September 10, 2008, the trial court suspended imposition of sentence and placed defendant on three years' formal probation.

Defendant admitted violating her probation on January 21, 2009.  The trial court revoked and reinstated probation on February 19, 2009.

---

[1]     Undesignated statutory references are to the Penal Code.

1

On October 8, 2009, defendant admitted violating her probation and admitted additional violations on July 12, 2010. On December 6, 2010, the trial court revoked probation, sentenced defendant to three years in state prison, suspended execution of sentence, and reinstated probation.

Following a contested hearing held on April 4, 2012, the trial court found defendant had violated her probation. On May 18, 2012, the trial court executed the previously suspended sentence and imposed a three-year state prison term over defendant's objection.

On appeal, defendant contends the trial court should have sentenced her to county jail pursuant to section 1170, subdivision (h), and the county jail provisions of section 1170, subdivision (h) should be applied retroactively as a matter of equal protection. We affirm.

DISCUSSION

I

Defendant contends the trial court could not sentence her to state prison because she should have been sentenced pursuant to section 1170, subdivision (h). We disagree.

Pursuant to the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 15, § 1), many felonies are no longer punished by confinement in state prison, but are instead subject to confinement in county jail. (§ 1170, subdivision (h)(1), (2).) Felons sentenced under this provision may have a concluding portion of the county jail term suspended and placed under the mandatory supervision of the county probation department. (§ 1170, subd. (h)(5)(B)(i).) Defendant's crimes are subject to sentencing under the Realignment Act.

The Realignment Act's sentencing scheme applies only to defendants "sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).) The trial court imposed and stayed execution of the three-year state prison sentence on December 6, 2010, and executed the sentence on May 18, 2012. The question presented here is whether the Realignment Act

2

applies where the trial court, as here, imposes a state prison sentence and stays execution before October 1, 2011, and executes the sentence after that date.

Citing the decision of Division Eight of the Second District Court of Appeal in *People v. Clytus* (2012) 209 Cal.App.4th 1001, defendant contends she was sentenced when the trial court executed the previously imposed term and therefore should have been sentenced to county jail pursuant to section 1170, subdivision (h). We recently rejected *Clytus* and held that the Realignment Act does not apply to suspended state prison sentences imposed before October 1, 2011. (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 622-626.)

Agreeing with the reasoning of *Wilcox*, we hold that section 1170, subdivision (h) was inapplicable as defendant was sentenced when the trial court imposed and suspended execution of the state prison term before the Realignment Act's effective date.

## II

Defendant contends that section 1170, subdivision (h) should apply retroactively to her sentence as a matter of equal protection of the law.

A criminal defendant does not have a fundamental liberty interest in the retroactive application of a statute reducing the punishment for a crime. (*Baker v. Superior Court* (1984) 35 Cal.3d 663, 668-669.) A defendant's right to equal protection of the law does not prevent the Legislature from determining that a change in the law reducing the punishment for a crime shall be applied on or after a specified date. (*People v. Floyd* (2003) 31 Cal.4th 179, 188; *In re Kapperman* (1974) 11 Cal.3d 542, 546.)

We held that prospective application of the Realignment Act did not violate a defendant's equal protection rights in *People v. Lynch* (2012) 209 Cal.App.4th 353, 362. We reject defendant's contention for the reasons stated in our opinion in *Lynch*.

DISPOSITION

The trial court's orders revoking defendant's probation and the suspension of execution of sentence, and committing defendant to state prison are affirmed.

                    NICHOLSON            , Acting P. J.

We concur:

          BUTZ          , J.

          MAURO        , J.